UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CATLIN INSURANCE COMPANY, FPG                               :
CLINTON ACQUISITION, LLC, FORTIS                            :
PROPERTY GROUP LLC, and WONDER                              :
WORKS CONSTRUCTION CORP.,                                   :                23-CV-5355 (VSB)
                                                            :
                                        Plaintiffs,         :         **OPINION & ORDER**
                                                            :
                    -against-                               :
                                                            :
SENTINEL INSURANCE COMPANY,                                 :
LTD. and CONTACT PLUS ELECTRICAL                            :
CORP.,                                                      :
                                                            :
                                        Defendants.         :
------------------------------------------------------------X

Thomas J. Bracken
Gallo Vitucci Klar LLP
New York, NY
*Counsel for Plaintiffs*

Melissa Kelly Driscoll
Michael Stephen Komar
Menz Bonner Komar & Koenigsberg LLP
Rye Brook, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

    Plaintiffs Catlin Insurance Company ("Catlin"), FPG Clinton Acquisition, LLC ("FPG"),

Fortis Property Group, LLC ("Fortis"), and Wonder Works Construction Corp. ("Wonder")

originally brought this action in New York Supreme Court, County of New York, against

Defendants Sentinel Insurance Company, Ltd. ("Sentinel") and Contact Plus Electrical Corp.

("Contact"). Defendant Sentinel removed the case to this Court on the basis of diversity

jurisdiction. Before me is Plaintiffs' motion to remand for lack of subject-matter jurisdiction,

and Defendants' cross-motion for leave to amend the notice of removal.  For the reasons set forth

below, the motion to remand is DENIED, and the motion for leave to amend is GRANTED.

## I.    Background

On March 25, 2014, Birahima Sylla slipped and fell while performing construction work at

540 West 49th Street, New York, New York (the "Premises").  (Sylla Complaint ¶ 66.)[1]  On

October 28, 2014, Sylla filed a verified complaint against FPG and Fortis (the owners and

managers of the Premises) and Wonder (the general contractor at the Premises) in Kings County

Supreme Court, alleging, among other things, that they were negligent in failing to provide him

with a safe place to work (the "Underlying Action").  (*Id.* ¶¶ 1–74.)  On March 9, 2020, FPG,

Fortis, and Wonder, filed a third-party complaint against Contact (a subcontractor hired by

Wonder), alleging that Contact's subcontract agreement (the "Subcontract") required it to obtain

insurance coverage for FPG, Fortis, and Wonder on a primary basis.  (*Sylla v. FPG Clinton

Acquisition, LLC, et al.*, Index No. 510111/2014 (N.Y. Sup. Ct.), Doc. 182.)  Although Contact

procured insurance from Sentinel, FPG, Fortis, and Wonder alleged that Contact was in breach of

the Subcontract because Sentinel had refused to defend and indemnify them in the Underlying

Action.  (*Id.*)

On May 22, 2023, Catlin, the issuer of a commercial general liability policy to FPG,

Fortis, and Wonder (the "Catlin Insureds") and the Catlin Insureds filed this lawsuit in New York

Supreme Court against Contact and Sentinel, seeking, among other things, a declaration that

---

[1] "Sylla Complaint" refers to pages 19 through 32 of Exhibit A attached to the Notice of Removal, dated June 23, 2023.  (Doc. 1 ("Notice of Removal").)  Because there are no page numbers on exhibit attached to the Notice of Removal, my reference to page numbers refers to the page numbers assigned by the ECF system.

Sentinel is obligated to defend and indemnify the Catlin Insureds in the Underlying Action. (State Court Complaint ¶¶ 7, 27, 46–72.)[2]

On June 23, 2023, Sentinel removed this action to federal court by filing a notice of removal. (Notice of Removal). On October 30, 2023, Plaintiffs filed a motion to remand on the basis that Wonder and Contact, both indisputably citizens of New York citizens, are not diverse. (Doc. 19 ("Motion to Remand").) Two weeks later, Sentinel filed a brief in opposition to the Motion to Remand and cross-moved for leave to amend the Notice of Removal. (Docs. 23–24 ("Motion to Amend").) On November 20, 2023, Plaintiffs filed a brief in further support of their Motion to Remand and in opposition to Sentinel's Motion to Amend. (Docs. 25–26 ("Reply in Support of Remand").) Sentinel did not file a reply in support of its Motion to Amend.

## II.    **Legal Standard**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal quotation marks omitted). "If the removing party is invoking diversity jurisdiction, it is that party's burden to demonstrate, by a preponderance of the evidence, that complete diversity among the parties existed not only at the time of removal, but also when the state complaint was filed." *Segal v. Firtash*, No. 13-CV-7818, 2014 WL 4470426, at *2 (S.D.N.Y. Sept. 9, 2014); *see Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time

---

[2] "State Court Complaint" refers to pages 2 through 16 of Exhibit A attached to the Notice of Removal. (Doc. 1.)

when defendant files the notice of removal."). If at any time it appears that the district court lacks subject-matter jurisdiction, the case must be remanded back to state court. 28 U.S.C. § 1447(c).

### III. Discussion

The parties do not dispute that the presence of New York citizens on both sides of a lawsuit destroys diversity jurisdiction. However, Sentinel argues that I must disregard Contact's presence because it was fraudulently joined to defeat diversity. (Notice of Removal ¶ 16.) Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd. v. Phx. Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). "The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Id.*

Here, the State Court Complaint does not assert any claims against Contact. The first three claims seek a declaration that the Catlin Insureds are additional insureds under Contact's policy with Sentinel such that Sentinel has an obligation to defend and indemnify them in the Underlying Action on a primary, non-contributory basis relative to any coverage available under their policy with Catlin. (State Court Complaint ¶¶ 46–62.) The fourth claim seeks an order directing Sentinel to reimburse Catlin the costs it incurred in defending the Catlin Insureds in the Underlying Action. (*Id.* ¶¶ 63–67.) The fifth seeks equitable contribution from Sentinel with respect to any costs that Catlin has or will incur in the Underlying Action. (*Id.* ¶¶ 68–72.) Because a "removing defendant may have non-diverse defendants dismissed upon a showing that the plaintiff has no claim against the non-diverse defendant," *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 430 (S.D.N.Y. 2005), I agree with Sentinel that Contact's diversity should be disregarded for purposes of diversity jurisdiction.

To resist this conclusion, Plaintiffs contend that their pleadings "give rise to the possibility of a claim by the Catlin Insureds against Contact for, inter alia, contractual indemnity and breach of contract." (Doc. 25 at 3.)  However, the relevant question is not whether claims never asserted in the complaint may possibly be brought against the non-diverse defendant, but rather whether there is a possibility of recovery based on the actual claims in the removed complaint.  Indeed, "post-removal filings must not be considered when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Segal*, 2014 WL 4470426, at \*4 (internal quotation marks omitted); *see Morrow v. Nationwide Mut. Fire Ins.*, No. 14-CV-2664, 2014 WL 4638912, at \*4 (E.D.N.Y. Sept. 16, 2014) ("[J]oinder will be considered fraudulent when it is established that there can be no recovery against the forum defendant under the law of the state on the cause alleged." (internal quotation marks omitted)).  Because the State Court Complaint neither includes nor gives rise to the inference of a cause of action against Contact, Contact's citizenship must be ignored for the purposes of diversity jurisdiction.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) ("Because the amended complaint does not state a cause of action against [the defendant] or seek any relief against this entity under state law[,] . . . we find no error with the district court's conclusion that [the plaintiff] fraudulently joined [the defendant] in an attempt to defeat federal diversity jurisdiction.").

Of course, "the absence of a formal cause of action against a defendant, by itself, does not establish fraudulent joinder." *Recovery Racing III, LLC v. Maserati N. Am., Inc.*, No. 17-CV-1028, 2017 WL 11515232, at \*2 (E.D.N.Y. Sept. 27, 2017).  "Rather, to prove fraudulent joinder, the defendant opposing remand must prove that the non-diverse party is not a necessary or indispensable party to the lawsuit." *Metro Chrysler Plymouth, Inc. v. FCA US LLC*, No. 22-CV-05646, 2022 WL 16834572, at \*2 (E.D.N.Y. Nov. 9, 2022) (internal quotation marks and

alterations omitted).  Here, the question of whether Contact is "necessary" is a question of New York law, which provides that necessary parties are those persons who "might be inequitably affected by a judgment in the action."  N.Y. CPLR § 1001(a); *see also Metro Chrysler Plymouth, Inc. v. FCA US LLC*, 2022 WL 16834572, at *2 (on a motion to remand, applying N.Y. CPLR § 1001(a)).

In this case, Contact will not be inequitably affected by the judgment.  Indeed, Plaintiffs concede that "a declaration that [Sentinel] owe[s] [the Catlin Insureds] a defense and indemnification will not affect [Contact's] rights to a defense and indemnification."  (Doc. 25 at 4.)  Although Plaintiffs insist that a judgment that Sentinel does not owe the Catlin Insureds coverage—relief not sought in the State Court Complaint—is tantamount to a finding that Contact breached its contract with Wonder, (*id.* at 4–5), I fail to see how this is so.  *See County of Niagara v. Liberty Mut. Ins.*, No. 14-CV-737, 2016 WL 2997903, at *5 (W.D.N.Y. May 24, 2016) ("As such, whether any of the Insurance Defendants has a duty to defend and indemnify Plaintiffs has no bearing on any claim that could be raised against TGR, which claim would be limited to whether TGR did, as required under the Contract, procure and maintain insurance naming Plaintiffs as additional insured."), *report and recommendation adopted*, *Niagara v. Netherlands Ins.*, No. 14-CV-737, 2016 WL 3280367 (W.D.N.Y. June 15, 2016).

In a last-ditch effort to support its motion to remand, Plaintiffs argue that this case is a "direct action" within the meaning of 28 U.S.C. § 1332(c), (Doc. 25 at 5–6), which provides that in such a suit an insurer is deemed a citizen of the state of which the insured is a citizen.  According to Plaintiff, Sentinel (a Connecticut corporation) is also a citizen of New York because its insured—here, Contact—is a citizen of New York.  This action, however, is not a "direct action" against an insurer in which the special rules of diversity jurisdiction apply.  A "direct

6

action" refers to those cases "where the insurer's responsibility to the injuring party is already established, so that the injured party, in suing the insurer directly, is simply 'cutting out the middle man.'" *Curet v. United Nat. Ins.*, 785 F. Supp. 2d 440, 443 (S.D.N.Y. 2011). The Second Circuit has held that "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Rosa v. Allstate Ins.*, 981 F.2d 669, 675 (2d Cir. 1992). Because this lawsuit was brought to remedy Sentinel's failure to provide coverage to the Caitlin Insureds, it falls beyond the scope of a "direct action" for purposes of diversity jurisdiction. *See Mittlefehldt v. Travelers Prop. Cas. Ins.*, No. 21-CV-497, 2021 WL 4994034, at *3 (W.D.N.Y. Aug. 24, 2021) ("Where, as here, an action seeks a declaration that the insurance company improperly disclaimed coverage, the action is not a direct action."), *report and recommendation adopted*, No. 21-CV-497, 2021 WL 4993335 (W.D.N.Y. Oct. 26, 2021).

Finally, I turn to the issue of the FPG's and Fortis's citizenship. The Notice of Removal predicates federal jurisdiction on the basis of diversity of citizenship. (Notice of Removal ¶ 13.) FPG and Fortis, however, are limited liability companies. (*Id.* ¶¶ 6–7.) Although the Notice of Removal identifies the state in which the LLCs are organized and their principal places of business, it does not list the citizenship of each of FPG's and Fortis's constituent members. The Notice of Removal therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-CV-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties").

Sentinel contends that FPG's and Fortis's membership is not a matter of public information and that Plaintiffs have refused to disclose this information. (Doc. 24 at 13.) My Order and Notice of Initial Conference, dated July 5, 2023, directed the parties to submit a joint letter setting forth an "explanation of why jurisdiction and venue lie in this Court." (Doc. 5 at 1.) For each limited liability company, I directed the parties to "state the citizenship of each of the entity's members, shareholders, partners and/or trustees." *Id.* The parties, however, failed to name FPG's and Fortis's individual members in their joint letter. (Doc. 10.) The citizenship of FPG's and Fortis's members is information particularly within the knowledge of FPG and Fortis. Because the defects in the Notice of Removal "are not fundamental, but instead involve only imperfect statements of citizenship," *Caicedo v. Sabovics*, No. 23-CV-4645, 2024 WL 1719635, at *3 (E.D.N.Y. Apr. 22, 2024), Sentinel's motion to amend the Notice of Removal is GRANTED.

### IV.    Conclusion

For these reasons, Plaintiffs' motion to remand is DENIED, and Sentinel's motion to amend is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall file a sworn affidavit, within seven days of this Opinion & Order, listing the members of FPG and Fortis and the state of which each member is a citizen. If Plaintiffs fail to do so, I will dismiss this case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, within fourteen days of Plaintiffs' filing of the sworn affidavit, Sentinel shall file an amended notice of removal that properly asserts the basis for my jurisdiction.

The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 19 and 24.

SO ORDERED.

Dated: July 17, 2024
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge

9