# MENZ BONNER KOMAR & KOENIGSBERG LLP

**ATTORNEYS AT LAW**

**800 WESTCHESTER AVENUE, SUITE 641-N**

**TEL: (914) 949-0222**   **RYE BROOK, NEW YORK 10573**   **FAX: (914) 997-4117**

www.mbkklaw.com

October 25, 2024

**VIA ECF**

Honorable Valerie Figueredo, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

  Re: Catlin Ins. Co., et al. v. Sentinel Ins. Co., Ltd., et al.
    Case No. 1:23-cv-05355-VSB-VF

Dear Judge Figueredo:

  This firm represents Defendant Sentinel Insurance Company, Ltd. ("Sentinel") in the above-referenced action. We submit this letter concerning Sentinel's motion or sanctions. *See* ECF Doc. No. 75.

  As Your Honor may recall, on August 20, 2024 the parties appeared for a conference, after which, on August 20, 2024, the Court issued an Order directing that "Plaintiffs must respond to the interrogatories and produce documents as indicated at ECF Nos. 34-1 and 67-1 by **September 6, 2024**" and warning that "Plaintiffs' continued failure to cure its deficiencies may result in sanctions." ECF Doc. No. 68. At the conference, Your Honor stated that after such time, Sentinel could proceed with the filing of a sanctions motion if Plaintiffs continued to ignore the Court's Orders and their discovery obligations in this action. Par for the course, Plaintiffs failed, once again, to cure their discovery deficiencies, as identified by Sentinel, and to supplement their written discovery responses and their document production. Thus, Sentinel was forced to incur additional costs and file a motion for sanctions on October 7, 2024 in accordance with Your Honor's instructions. To be clear, Plaintiffs did not take <u>any</u> steps to cure their discovery deficiencies from August 20, 2024 until the time Sentinel filed its motion for sanctions on October 7, 2024. Even to this day – more than two weeks after sanctions were sought – Plaintiffs remain obstinate and in violation of this Court's Order.

  Opposition to Sentinel's motion brought pursuant to Federal Rule of Civil Procedure 37 was due by no later than October 14, 2024, in accordance with Local Civil Rule 6.1. Like everything else in this case, Plaintiffs chose to unilaterally ignore that deadline. Now, ten days later, Plaintiffs' counsel has requested an after-the-fact extension to submit an untimely response, which is fundamentally improper and for which Sentinel has declined to consent. Given Plaintiffs' failure to timely oppose Sentinel's motion for sanctions based on Plaintiffs' repeated failures to comply with the Court's discovery orders and to timely respond to discovery that has been

Honorable Valerie Figueredo
October 25, 2024
Page **2** of **2**

outstanding for nearly one year, Sentinel respectfully requests that the Court grant Sentinel's motion forthwith and deny any belated and untimely request to now oppose the same.

Sentinel thanks the Court for its time in connection with this matter.

Respectfully submitted,

*Melissa K. Driscoll*

Melissa K. Driscoll

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 10/28/24

Plaintiffs' time to respond to the motion filed at ECF No. 75 passed on October 14, 2024, and no response was submitted. The Court will *sua sponte* extend Plaintiffs' time to file an opposition until **November 4, 2024**. If no opposition is filed, the Court will decide the motion solely on Sentinel's papers.